# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SULEIMAN KHUTOB, et al., | Case No.: 2:18-cv-01505-APG-PAL |
| Plaintiffs | **Order Granting Motion for Temporary Restraining Order** |
| v. | |
| L.A. INSURANCE AGENCY FRANCHISING, LLC, | [ECF No. 5] |
| Defendant | |

This lawsuit was originally filed against defendant L.A. Insurance Agency Franchising, LLC (LAIA) in Nevada state court by plaintiffs Suleiman Kutob (Kutob), Viviana Gutierrez-Garcia, LA Insurance Agency NV5, LLC (NV5), L.A. Insurance Agency NV6, LLC (NV6), LA Insurance Agency NV10, LLC (NV10), L.A. Insurance Agency NV16, LLC (NV16), and LA Insurance Agency NV33, Inc. (NV33). ECF No. 1-2. LAIA removed the case to this court on August 14, 2018. ECF No. 1. The plaintiffs thereafter moved for a temporary restraining order. ECF No. 5. LAIA filed a response on August 22. ECF No. 12. I held a hearing on the motion the next day and orally granted the motion at the August 23 hearing.

The plaintiffs are franchisee insurance agents with five franchise locations (NV5, NV6, NV10, NV16, and NV33). Defendant LAIA is the Michigan-based franchisor. LAIA's business model is based on providing car insurance and related services to non-standard drivers (i.e., high-risk drivers) through different locations. Originally, LAIA worked with owners and operators of locations, including Kutob, and then transitioned to a franchisor/franchisee model, with the operators becoming franchisees.

The franchise agreements for NV5, NV10, and NV16 expired on March 31, 2018. The franchise agreement for NV6 expired on June 19, 2018. The franchise agreement for NV33 was still in force at the time the plaintiffs moved for temporary injunctive relief, although LAIA is seeking to terminate that agreement in connection with a lawsuit LAIA has filed against the plaintiffs in federal district court in Michigan. The plaintiffs contend all of the franchise agreements are void or voidable and unenforceable for a variety of reasons. I make no determination at this time on the validity or enforceability of the franchise agreements or any terms thereof.

The plaintiffs and LAIA were in negotiations as of May 2018 regarding the expiration or continuation of the franchisor/franchisee relationship. LAIA made the last offer, with a deadline of July 4, 2018. On July 11, 2018, plaintiffs' counsel asked LAIA's counsel whether LAIA was forging Kutob's signature on various documents. There was no response to that inquiry.

On July 24, 2018, LAIA's counsel emailed to plaintiffs' counsel a copy of an unserved lawsuit that LAIA had filed against the plaintiffs in the United States District Court for the Eastern District of Michigan (2:18-cv-12310-SJM-DRG). That same day, the plaintiffs filed a 19-count complaint against LAIA in Nevada state court (case no. A-18-778271). On August 1, 2018, the plaintiffs filed a first amended complaint in state court.

The plaintiffs moved for expedited injunctive relief in state court on August 8, 2018. The next day the state court entered an order setting an expedited hearing, and the plaintiffs served LAIA with the original complaint, amended complaint, summons, and motion that same day. At the August 14, 2018 hearing, state court Judge Denton heard and appeared ready to grant the motion for temporary restraining order (TRO). But before he signed the TRO, LAIA's counsel arrived at the hearing and announced that the matter had been removed to this court.

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quotations omitted).

Based on the parties' filings and arguments at the hearing, and for the reasons I stated on the record at the August 23 hearing, there are serious questions going to the merits of the plaintiffs' claims that LAIA forged Kutob's signature and took actions to convert the plaintiffs' commissions. There are also serious questions going to the enforceability of the franchise agreements. The balance of the equities and hardships tips sharply in favor of the plaintiffs. In the absence of injunctive relief, the plaintiffs likely will suffer irreparable harm through the loss of clients and the potential closing of their businesses. Conversely, LAIA has not identified any harm it will suffer during the short pendency of this temporary restraining order that cannot be addressed by monetary damages. Given that LAIA has approximately 180 franchises and can sustain its business during the period of time this TRO is in effect, and given that the plaintiffs face the closure of their businesses and livelihoods in the absence of injunctive relief, these factors favor the issuance of this TRO.

There is a strong public interest in preventing forgeries and the use of forged documents, and in preventing Nevada businesses (such as the plaintiffs') from going out of business. Temporarily restricting LAIA from engaging in conduct described below is in the public interest.

Given the facts and evidence before me, I find that a bond of $100.00 is sufficient. LAIA may move for an increase in the bond amount if it can show that a greater amount is needed. *See* Fed. R. Civ. P. 65(c).

Nothing in this order restrains or affects the proceeding in the United States District Court for the Eastern District of Michigan (2:18-cv-12310-SJM-DRG).

IT IS HEREBY ORDERED that the plaintiffs' motion for temporary restraining order **(ECF No. 5) is GRANTED**.

IT IS FURTHER ORDERED that defendant L.A. Insurance Agency Franchising, LLC as well as its officers, directors, agents, servants, employees, attorneys, and those persons in concert or participation with them who receive actual notice of this Temporary Restraining Order by personal service or otherwise, are hereby enjoined from engaging in any of the following activities insofar as such activities are done in connection with or otherwise relate, directly or indirectly, to plaintiffs Suleiman Kutob, Viviana Gutierrez-Garcia, LA Insurance Agency NV5, LLC, L.A. Insurance Agency NV6, LLC, LA Insurance Agency NV10, LLC, L.A. Insurance Agency NV16, LLC, and LA Insurance Agency NV33, Inc. (or any of their affiliates, agents, employees, or subsidiaries):

1. Forging the plaintiffs' signatures;

2. Distributing, publishing, or in any way using forgeries of the plaintiffs' signatures;

3. Distributing, publishing, or in any way using documents and other correspondence containing forgeries of the plaintiffs' signatures;

4. Converting or disrupting in any way the commissions and other amounts owed to the plaintiffs by insurance carriers that were earned on or before the expiration of the respective franchise agreements (March 31, 2018 for NV5, NV10, and NV16; June 19, 2018 for NV6; and for NV33, until that agreement either expires or is lawfully terminated);

5. Making, distributing, or publishing false statements, or presenting false evidence, concerning the plaintiffs to any state agencies (including without limitation the Nevada Commissioner of Insurance), law enforcement, or the plaintiffs' clients, associates, and affiliates; and

6. Engaging in any physical acts of intimidation against, or invading the seclusion and privacy of, the plaintiffs, or using duress, threats, and/or coercion in any communication with the plaintiffs.

IT IS FURTHER ORDERED that a preliminary injunction hearing shall be held as soon as practicable. The parties shall confer on the parameters of the preliminary injunction hearing and submit a joint stipulation or joint statement regarding the parameters of the preliminary injunction hearing on or by August 29, 2018.

IT IS FURTHER ORDERED that I will conduct a scheduling conference call with the parties following the submission of the joint stipulation or joint statement.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at the conclusion of the preliminary injunction hearing, unless I otherwise extend it.

DATED this 27th day of August, 2018 at 10:07 a.m. nunc pro tunc to August 23, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5